UNITED STATES DISTRICT COURT
NORTHERN DISTRICT COURT OF FLORIDA
PANAMA CITY DIVISION

ANGELA CAMPOS,

    Plaintiff,

vs.                                 CASE NO.: 5:18-cv-107-RH-GRJ

IRONDOG, INC.,

    Defendant.
_____/

**JOINT STIPULATION OF DISMISSAL AND**
**MEMORANDUM REGARDING SETTLEMENT FOR APPROVAL**

    Plaintiff, ANGELA CAMPOS, and Defendant, IRONDOG, INC., hereby stipulate to the dismissal of this action with prejudice pursuant to the parties' Settlement Agreement, a copy of which is being filed under seal for the Court's approval, and provide the following Joint Memorandum:

    1.    On March 13, 2018, Plaintiff filed her Complaint seeking the recovery of unpaid overtime wages under the Fair Labor Standards Act in connection with Plaintiff's employment with Defendant between approximately late July, 2017, and November, 2017. (See Doc. 1)

    2.    More specifically, Plaintiff alleged that primary duties for Defendant in the position known as "Office" were non-exempt in nature, and that she regularly was required to work in excess of forty (40) hours per week. (Doc.1, ¶ 8).

1

3. Plaintiff was compensated on a salary basis of $648.00 per week based upon 40 hours of work at an hourly wage of $8.10 per week. During the 16 weeks of her employment, Plaintiff alleged that she worked up to 40 additional hours during each week.

4. After filing the Complaint and service of process on the Defendant, counsel for Defendant contacted counsel for Plaintiff on April 6, 2018, and the parties began negotiating a settlement.

5. On May 15, 2018, Defendant filed its Answer and Affirmative Defenses in which Defendant asserted, *inter alia*, that Plaintiff did not and was not authorized to work any hours in excess of 40 per week, that Plaintiff did not, in fact, work any hours in excess of 40 during any week, and was exempt from the overtime requirements of the FLSA pursuant to the executive exemption and that, accordingly, Plaintiff was already paid any wages to which she was entitled under the law. (Doc. 6).

9. Ultimately on June 20, 2018, the parties reached a compromise to resolve all of Plaintiff's underlying claims in this case while also resolving Plaintiff's attorneys' fees and costs. The settlement represents a compromised stipulated sum based upon 160 hours of overtime wages for which Plaintiff was not compensated. Respective counsel negotiated at arm's length in order to reach what both believe is a reasonable compromise. The Settlement Agreement and terms of the settlement

are confidential and, thus, will not be filed with the Court. The Settlement Agreement includes a reasonable compromised amount for Plaintiff's alleged overtime wage and liquidated damage claims, as well as Plaintiff's attorneys' fees and costs. The Settlement Agreement contemplates several lump sum payments representing overtime wages, liquidated damages, attorneys' fees, and costs.

10. Notwithstanding their factual disagreements, and despite both the factual and legal defenses that Defendant believe are applicable in this matter, the parties concluded that it was preferable to amicably conclude the instant litigation while taking into account the cost and time associated with continuing this action through summary judgment and trial. Additionally, both parties have taken into account the uncertainty and risks associated with litigation and the parties jointly believe there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendant to evaluate the parties' claims and defenses as part of making recommendations to reach a fair and reasonable compromise resolution of this matter.

11. In accordance with Eleventh Circuit precedent, judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in Lynn's Food,

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by

employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

Id. at 1352-53.

12. Pursuant to Lynn's Food, the Court's review of the parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement:
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits:
(5) the range of possible recovery; and
(6) the opinions of the counsel.

See, e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at *2-3, (M.D. Fla. Jan. 8, 2007). The Court should be

mindful of the strong presumption in favor of finding a settlement fair. Hamilton, 2007 U.S. Dist. LEXIS at * 2-3.

13. At all times material throughout this case between April 2018 and the present, Plaintiff and Defendant were represented by counsel experienced in the litigation of FLSA claims and the settlement amount and parties' final Settlement Agreement was the subject of arms-length negotiations between April, 2018 continued discussions through June 2018.

14. Next, there has been no collusion, fraud, or any other inappropriate conduct by either Plaintiff or Defendant in this case, and the settlement ultimately agreed upon was the culmination of two months of extensive settlement negotiations. Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. See Helms v. Central Fla. Reg. Hosp., No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel with experience in litigating claims under the FLSA, and each counsel was obligated to and did vigorously represent their clients' rights. The probability of success on the merits and length of future litigation also militate in favor of this settlement. If the parties continued to litigate this matter, they would be forced to engage in further costly litigation in order to prove their claims and defenses. This

settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

15.   Finally, the attorneys' fees and costs agreed upon to be paid by Defendant under the parties' Settlement Agreement are separate and distinct from the consideration being paid to resolve Plaintiff's underlying FLSA claims. As numerous Courts have held, where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. See, e.g., Bonetti v. Embarq Management Co., 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009). In the instant case, Defendant have agreed to pay a compromise amount to resolve all of Plaintiff's claims for attorneys' fees and costs reimbursements including but not limited to covering all out-of-pocket costs incurred in prosecuting this case from the filing fee, service of process, legal research. Defendant agrees and acknowledges that the compromise sums being paid to resolve Plaintiff's attorney's fees and costs are reasonable based upon the circumstances herein. Further, the compromise for fees and costs is being accepted in resolution of all

attorneys' fees and costs owed to Plaintiff's Counsel, such that Plaintiff has no obligation to Plaintiff's Counsel for any money.

WHEREFORE, Plaintiff, ANGELA CAMPOS, and Defendant, IRONDOG, INC., submit that the settlement terms are fair, reasonable and adequate and respectfully request that the Court dismiss this action with prejudice and retain jurisdiction to enforce the terms of the parties' Settlement Agreement.

Respectfully submitted this 3rd day of August, 2018.

| | |
|---|---|
| By: */s/ Larry A. Matthews*<br>Larry A. Matthews<br>Florida Bar No. 0339601<br>E-mail:<br>lmatthews@matthewshigginslaw.com<br>rhiggins@matthewshigginslaw.com<br>Matthews & Higgins, LLC.<br>114 East Gregory Street<br>Panama City, Florida  32951<br>Telephone:  850.434.2200<br>Facsimile:  (850.434.2600<br>Attorney for Plaintiff | By: */s/ J. Cole Davis*<br>Robert C. Jackson<br>Florida Bar No. 149519<br>E-mail:  rjackson@HSMcLaw.com<br>J. Cole Davis<br>Florida Bar No. 91389<br>E-mail:  cdavis@HSMcLaw.com<br>Hand Arendall Harrison Sale  LLC<br>Post Office Drawer 157<br>Panama City, Florida  32402<br>Telephone:  (850) 769-3434<br>Facsimile:  (850) 769-6121<br>Attorneys for Defendant |